UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                               No. 19-CR-01432

KEVIN SENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on five of Mr. Sena's Motions *in Limine*: (1) Motion *in Limine* Regarding the Use of the Word "Victim" [Doc. 37] ("Use of 'Victim' Motion *in Limine*"), (2) Motion *in Limine*, Priors [Doc. 38] ("Criminal History Motion *in Limine*"), (3) Motion *in Limine* to Preclude the Prosecutor from Arguing during Opening Statement [Doc. 39] ("Opening Statement Motion *in Limine*"), (4) Motion *in Limine* to Permit Equal Access to the Courthouse [Doc. 40] ("Courthouse Motion *in Limine*"), and (5) Motion *in Limine* Forbidden Arguments [Doc. 43] ("Closing Argument Motion *in Limine*"). The government responded to each Motion, asking the Court to deny the Use of "Victim" Motion *in Limine* and the Courthouse Motion *in Limine*. Doc. 49 at 1–2. As to the other three Motions *in Limine*, the government indicated that it does not plan to introduce Mr. Sena's criminal history for impeachment or to make improper arguments during its opening statement or closing argument. *Id.* at 2–3. Mr. Sena did not file a reply to the government's response. Having carefully considered the Motions, relevant law, and being otherwise fully informed, the Court will **GRANT** the Use of "Victim" Motion *in Limine*, **FIND** the Criminal History Motion *in Limine* **as moot**, **DENY** the Opening Statement Motion *in Limine*, **DENY** the Courthouse Motion *in Limine*, and **DENY** the Closing Argument Motion *in Limine*.

1

## DISCUSSION

**1. Use of "Victim" Motion *in Limine***

Defendant Kevin Sena's first Motion *in Limine* requests that the government and its witnesses be barred from using the term "victim" in the presence of the jury.  Mr. Sena asserts that using the term "victim" would violate Rule 403, invade the province of the jury to decide whether there is, in fact, a victim, presuppose facts not in evidence, and deprive him of a fair trial.  Doc. 37.  In response, the government states that it "will not refer to the mail carrier who was struck by the defendant as 'alleged victim' in front of the jury."  Doc. 49 at 1.  However, the government argues that its witnesses should be allowed to refer to the mail carrier, Mr. Freddy Barros, as a victim.  *Id.*  The government asserts that "the jury is tasked with weighing the witnesses' credibility and is capable of doing so, regardless of whether any of the witnesses inadvertently refers to the mail carrier . . . as 'victim.'"  *Id.*  Ultimately, the government requests that the Court deny the Use of 'Victim' Motion *in Limine*.

Defendant cites to no authority, and the Court has found none, that explicitly requires the government and its witnesses to refrain from using the term "victim" during trial.  However, Mr. Sena is correct that the term is prejudicial when the core issue at trial is whether a crime has been committed—and, therefore, whether there is a victim.  *See State v. Cortes*, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), *aff'd*,  885 A.2d 153 (Conn. 2005) (holding that jury charges using the term "victim" instead of "alleged victim" violated a defendant's due process right to a fair trial); *Talkington v. State*, 682 S.W.2d 674, 674 (Tex. App. 1984) (use of the term "victim" in court's rape charge was reversible error when the issue at trial was whether complainant consented to sexual intercourse); *People v. Davis*, 423 N.Y.S.2d 229, 230 (N.Y. App. Div. 1979) ("By referring in its charge to the complainant as the 'victim' and to the defendant as the 'perpetrator', the court

impermissibly insinuated to the jury that the complainant was the victim of injuries resulting from acts committed by the defendant.").

At Mr. Sena's upcoming trial, the jury has the responsibility of deciding whether a crime occurred and whether that crime resulted in harm to Mr. Barros. Thus, to label Mr. Barros as a victim at the outset of trial carries the risk of improperly influencing the jury's decision. Moreover, there is virtually no probative value in allowing the government to use the term "victim" to describe Mr. Barros. *See United States v. Ehrens*, No. CR-15-200-C, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015) (considering a similar motion and finding that there was "no need by any party to refer to [the alleged victim] by any particular descriptor other than her name"). Restricting the use of the term "victim" does not prevent the government from describing Mr. Barros' injuries, or from presenting any of its other evidence. The government and its witnesses remain free to refer to Mr. Barros by name or by other descriptive terms (*e.g.*, "the mail carrier").

For these reasons, the Court finds that the prejudice resulting from the repeated use of the term "victim" at trial substantially outweighs the probative value of the term. FED. R. EVID. 403. Thus, the Court will grant Mr. Sena's Use of "Victim" Motion *in Limine* and orders that the government and its witnesses may not refer to Mr. Barros as "the victim" during trial.

2. **Criminal History Motion *in Limine***

Mr. Sena's second Motion *in Limine* requests that the Court exclude all evidence of his prior criminal history, including a 1998 felony conviction for Receiving or Transferring a Stolen Vehicle, a 1999 felony conviction for Breaking and Entering, a 2011 deferred conviction for multiple driving violations and for Failure to Appear, and a 2012 misdemeanor conviction for Criminal Damage to Property, as well as three driving violations occurring in 2018 and 2020 that were ultimately dismissed. Doc. 38 at 1. Mr. Sena argues that none of his convictions are

admissible under Federal Rule of Evidence 609 as impeachment evidence, and further asserts that *any* mention of his criminal history, including the dismissed cases, would violate Rule 403 as "potentially prejudicial, confusing, and a waste of time." *Id.* at 2. The government responds that it "did not intend to use these convictions for impeachment." Doc. 49 at 3. At the Pretrial Conference, the government clarified that it does not plan to introduce any evidence of Mr. Sena's criminal history—the convictions or the dismissed cases—in its case-in-chief or as impeachment. Pretrial Hr'g Tr. (Sept. 8, 2021).

Given the government's representation that it does not intend to introduce any evidence of Mr. Sena's criminal history, the Court will find Mr. Sena's motion moot. The government may not introduce evidence of Mr. Sena's criminal history during its case-in-chief. Nor may the government introduce evidence of Mr. Sena's criminal history as impeachment if Mr. Sena chooses to testify, except in one scenario: if the defense "opens the door" to such questioning—for example, by asserting that Mr. Sena has a clean criminal record—the government may introduce evidence of that record. "Where . . . defense counsel purposefully and explicitly opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the government to introduce further evidence on that same topic." *United States v. Lopez-Medina*, 596 F.3d 716, 731 (10th Cir. 2010).

   3. **Opening Statement Motion *in Limine***

Mr. Sena's third Motion *in Limine* asserts that the government may not argue during its opening statement because an opening statement's purpose is to "state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument." Doc. 39 at 2 (quoting

4

*United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring)). Specifically, Mr. Sena asks this Court to:

> (1) [A]dmonish the Government to refrain from arguing during opening statement; (2) admonish the prosecutor to periodically note to the jury during his opening statement that his statement is what he believes "the evidence will show;" and (3) caution the jury prior to opening statement that "an opening statement is not evidence nor argument, it is simply an outline of what the lawyer expects will be proven."

*Id.* at 1 (quoting *Testa v. Village of Mundelein*, 89 F.3d 443, 446 (7th Cir. 1996)). In response, the government states that it is "well aware of the restrictions on argument in opening," and indicates that it intends to preface its evidentiary overview by stating "the evidence will show" or "a witness will say." Doc. 49 at 3.

Mr. Sena is correct that argument during opening statement is improper. *See Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971) ("The opening statement is no place for argument."). However, it is unnecessary to require this Court to specifically caution the jurors regarding the restrictions on opening statements as described in *Testa*. This Court addresses the jury at the beginning of every trial, telling the jury that:

> The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you. Just as the indictment/information is not evidence, neither is the opening statement. Its purpose is only to help you understand what evidence will be presented; it is a road map to show you what is ahead.

*Stock Criminal Jury Instructions*, (June 2021), https://www.nmd.uscourts.gov/content/honorable-martha-vázquez. This instruction is sufficient to convey to the jury that the government's opening statement is not a factual or evidentiary presentation. Similarly, it is unnecessary to admonish the government to periodically reference this restriction during its opening statement. The government has already indicated that it will use statements such as "the evidence will show" during its opening statement. Nor is such an admonishment required by law. *See United States v. Taylor*, 514 F.3d

5

1092, 1101 (10th Cir. 2008) (reasoning that, when the district court has "forewarned the jury that the attorneys' opening statements should not be considered evidence," and, following an improper remark, "reiterated and underscored" this point, failure to offer a more "fulsome" instruction is not plain error). Finally, given the government's response, it is unnecessary to admonish the government from arguing during opening statement at this time. If the United States veers into argument during its opening statement, defense counsel may object.

Thus, the Opening Statement Motion *in Limine* will be denied without prejudice.

### 4. The Courthouse Motion *in Limine*

Mr. Sena's fourth Motion *in Limine* asks the Court to enter "an Order allowing his counsel to bypass the court security procedures during trial." Doc. 40 at 1. He argues that requiring defense counsel to go through security at the courthouse during trial, which members of the United States Attorney's Office and the Federal Public Defender do not have to do, is prejudicial because it gives jurors and venire members "the impression that his counsel are not to be considered as trustworthy as those prosecuting him or their witnesses." *Id*. at 2. In response, the government states that it has inquired with the United States Marshals Service ("USMS") about the possibility of an exemption from the generally applicable screening for "hazardous or unauthorized devices, weapons, and contraband," and that the USMS opposes Mr. Sena's request. Doc. 49 at 2. The government urges the Court to deny the Motion. *Id.*

Mr. Sena has not cited any authority to support his request, and it is the prerogative of the USMS to establish the security protocols that it believes are necessary to keep our courthouses safe. The Court will not second-guess those protocols and therefore denies Mr. Sena's Courthouse Motion *in Limine*. If defense counsel are concerned that jurors or venire members may observe them passing through security, they are free to arrive at the courthouse as soon as it opens to avoid

any crowds.

### 5. Closing Argument Motion *in Limine*

Mr. Sena's fifth and final Motion *in Limine* seeks to preclude the government from making certain arguments or assertions during its closing argument. Doc. 43. Specifically, Mr. Sena seeks to preclude the government from faulting the defendant or defense for failing to call a witness, failing to produce evidence, failing to testify, asserting the right to counsel, or remaining silent when questioned by law enforcement. *Id.* at 1 (citing *Griffin v. California*, 380 U.S. 609 (1965); *Doyle v. Ohio*, 426 U.S. 610 (1976)). He also seeks to prevent the government from attempting to shift the burden of proof, vouching for the veracity of a witness, or urging the jury to "send a message." *Id.* at 2 (citing *In Re Winship*, 397 U.S. 358 (1970); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Young*, 470 U.S. 1 (1985); *United States v. Solivan*, 937 F.2d 1146 (6th Cir. 1991)). In response, the government states that it is "well aware of the forbidden arguments," and "will not purposely make such arguments." Doc. 49 at 3.

A motion *in limine* is "a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citation omitted). Motions *in limine* rulings are based upon the *expected* evidence at trial and are therefore "subject to change when the case unfolds," particularly if the actual testimony differs from what was proffered. *Luce v. United States*, 469 U.S. 38, 41 (1984). In this context, a trial court is best served when the motions *in limine* it considers address specific evidentiary questions, not general hypotheticals. "Courts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence . . . without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey v. Diversified Servs., Inc*, No. 15-1369-JTM, 2017 WL

7

131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham v. Union Pacific R.R. Co.*, No. 06-CV-187-JLH, 2008 WL 4643292, *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion *in limine*).

Mr. Sena's fifth Motion *in Limine* is a broad and generic motion. It does not identify any specific argument related to this trial that the defense seeks to preclude. Therefore, the Court will deny the Closing Argument Motion *in Limine* without prejudice. As in the opening statement context, defense counsel are expected to object if the government makes any legally improper arguments.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Kevin Sena's Use of "Victim" Motion *in Limine* is **GRANTED**; the Criminal History Motion *in Limine* is **FOUND as moot**; the Opening Statement Motion *in Limine* is **DENIED**; the Courthouse Motion *in Limine* is **DENIED**, and the Closing Argument Motion *in Limine* is **DENIED.**

ENTERED this 9th day of September 2021.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE